**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**BLAKE LEWIS**                                                                                  **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.: 3:25-CV-323-HTW-ASH**

**ENTERGY MISSISSIPPI, LLC**                                              **DEFENDANT**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

**I.     INTRODUCTION**

Plaintiff Blake Lewis respectfully submits this Memorandum in Opposition to Defendant Entergy Mississippi, LLC's (EML) Motion to Stay Proceedings Pending Ruling on its Motion to Dismiss. EML seeks to stay all proceedings, including discovery and entry of a case management order, until the Court rules on its Rule 12(b)(6) motion to dismiss, arguing that the motion is likely to dispose of the case, discovery would be burdensome, a stay promotes judicial economy, and Plaintiff will not be prejudiced. [Doc. 13 at 3–6]. However, a stay is unwarranted because EML's motion to dismiss is unlikely to succeed, discovery is necessary to resolve factual disputes central to Plaintiff's race discrimination claims under Title VII and 42 U.S.C. § 1981, a stay would unfairly prejudice Plaintiff by delaying his ability to seek redress, and judicial economy is better served by allowing discovery to proceed concurrently. Plaintiff's Complaint plausibly alleges race discrimination, supported by specific facts of pretext, disparate treatment, and replacement by a black male, satisfying the pleading standards under Fed. R. Civ. P. 8(a) and Fifth Circuit precedent. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013). Accordingly, EML's Motion to Stay should be denied.

## II. LEGAL STANDARD

The Court has broad discretion under Fed. R. Civ. P. 26(c) to stay proceedings, including discovery, to manage its docket efficiently. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, the Fifth Circuit has emphasized that a stay of discovery pending a dispositive motion is not automatic and requires a showing of good cause, balancing factors such as the likelihood of the motion's success, the burden of discovery, prejudice to the plaintiff, and judicial economy. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (unpublished) (affirming denial of stay where discovery was necessary and motion to dismiss was unlikely to succeed). A stay is appropriate only when the dispositive motion is highly likely to resolve the case entirely and discovery would be unduly burdensome. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). The burden is on the movant to demonstrate that a stay is justified, and "a district court abuses its discretion in staying discovery if the stay significantly prejudices the plaintiff." *Von Drake v. Nat'l Sec. Agency*, 156 F.3d 181, 1998 WL 546172, at *2 (5th Cir. 1998) (unpublished). The Federal Rules aim to secure the "just, speedy, and inexpensive determination" of actions, and stays should not unduly delay meritorious claims. Fed. R. Civ. P. 1.

## III. ARGUMENT

EML's Motion to Stay should be denied because it fails to establish good cause under Fifth Circuit precedent. Plaintiff's Complaint plausibly alleges race discrimination under Title VII and Section 1981, and EML's motion to dismiss is unlikely to dispose of

2

the case. Discovery is necessary to resolve factual disputes, a stay would unfairly prejudice Plaintiff, and judicial economy is not served by halting proceedings. The following subsections address EML's arguments and demonstrate why a stay is inappropriate.

A. **EML's Motion to Dismiss Is Unlikely to Dispose of the Case**

EML argues that a stay is warranted because its motion to dismiss is likely to succeed, as Plaintiff's Complaint allegedly fails to plead a plausible race discrimination claim, instead asserting retaliation for reporting a safety violation. [Doc. 13 at p. 3-4]. This argument mischaracterizes the Complaint and ignores its well-pleaded allegations, which meet the pleading standard under Rule 8(a) and Fifth Circuit precedent. The Complaint alleges that Plaintiff, a white male, was terminated on November 12, 2024, purportedly for racial discrimination, but that this reason was a pretext for discrimination against him because of his race. [Doc. 1 at ¶¶ 43, 50–51, 101–102]. Plaintiff satisfies the ultimate elements of a disparate treatment claim: (1) an adverse employment action (termination), and (2) causation based on his protected status (race). *See Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021). Plaintiff alleges that EML fabricated allegations of racial discrimination, despite the alleged victim, Reggie Clark, denying he felt discriminated against, and replaced Plaintiff with a black male. [Doc. 1 at ¶¶ 50–51, 85, 104]. These allegations, supported by evidence of a flawed investigation and disparate treatment, raise a reasonable inference of race discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). The Complaint also alleges that EML's stated reason was a pretext to mask retaliation for Plaintiff's safety


violation report, which further supports the discrimination claim by undermining EML's credibility. [Doc. 1 at ¶¶ 45–48, 101–102]; see *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).

EML's reliance on *Olivarez* is misplaced, as that case involved a plaintiff who failed to allege any facts linking the adverse action to her protected status. 997 F.3d at 600–01. Here, Plaintiff alleges specific facts: a sham investigation relying on a delayed complaint by John McGriff, a lack of discipline for other employees' severe violations, and replacement by a black male. [Doc. 1 at ¶¶ 90–100, 104]. These facts satisfy *Swierkiewicz's* lenient standard, which does not require a full *prima facie* case at the pleading stage. 534 U.S. at 512. The Fifth Circuit has reversed stays of discovery where the motion to dismiss is unlikely to resolve the case, particularly when factual disputes require further development. *See Fujita*, 416 F. App'x at 402 (denying stay where discovery was needed to resolve disputed issues). Because Plaintiff's Complaint plausibly states a claim, EML's motion is unlikely to succeed, and a stay is unwarranted.

### B. Discovery Is Necessary to Resolve Factual Disputes and Is Not Unduly Burdensome

EML argues that discovery would impose an undue burden because it is unnecessary to resolve the motion to dismiss and could involve extensive requests. [Doc. 13 at p. 4-5]. This argument fails, as discovery is essential to address factual disputes central to Plaintiff's claims, and EML has not shown that discovery would be disproportionately burdensome.

The Complaint raises significant factual issues that require discovery, including the details of EML's internal investigation, the motivations of Holiday and Graves in soliciting allegations, and the treatment of other employees. [Doc. 1 at ¶¶ 34–37, 88–

100]. For example, Plaintiff alleges that EML's investigation into the "black toes" comment was initiated four months after the incident, only after Plaintiff's safety report, suggesting bias. [Doc. 1 at ¶¶ 88–89]. Discovery is needed to obtain EML's investigation records, witness statements, and communications between Holiday, Graves, and upper management to substantiate Plaintiff's claims of pretext and race-based animus. [Doc. 1 at ¶¶ 45–48, 102–103]. The Fifth Circuit has held that discovery should proceed when it is necessary to resolve factual disputes, even if a motion to dismiss is pending. *See Matherne v. Cytec Corp.*, 78 F. App'x 977, 978 (5th Cir. 2003) (unpublished) (reversing stay where discovery was needed to address plaintiff's claims).

EML's claim of undue burden is speculative and insufficient. EML asserts that discovery could involve extensive requests and depositions, but it provides no evidence of specific burdens beyond general costs inherent in litigation. [Doc. 13 at p. 5]. The Fifth Circuit requires a showing of "undue burden or expense" that outweighs the need for discovery, which EML has not demonstrated. *See Landry*, 901 F.2d at 436. Plaintiff anticipates targeted discovery, such as document requests for EML's investigation files and limited depositions of key individuals like Posey, Graves, and Holiday, which are proportionate to the case's needs. See Fed. R. Civ. P. 26(b)(1). EML's reliance on *Willis v. Keen*, 2024 WL 1291514 (N.D. Miss. Mar. 26, 2024), is distinguishable, as that case involved a clear jurisdictional defect resolvable without discovery, unlike the factual disputes here. Discovery is necessary and manageable, and EML's burden argument does not justify a stay.

**C. A Stay Would Unfairly Prejudice Plaintiff**

EML claims that Plaintiff will not be prejudiced by a stay because the delay will be brief and Plaintiff will avoid litigation costs. [Doc. 13 at p. 6]. This argument ignores the significant prejudice to Plaintiff from delaying his ability to seek redress for wrongful termination. Plaintiff alleges he was terminated on November 12, 2024, for pretextual reasons, causing financial and emotional harm. [Doc. 1 at ¶¶ 43, 50–51]. A stay would delay Plaintiff's access to discovery critical to proving his claims, such as evidence of EML's investigation and management's motives, potentially allowing memories to fade or documents to be lost. [Doc. 1 at ¶¶ 45–48, 88–100].

The Fifth Circuit has cautioned that stays prejudicing a plaintiff's ability to pursue meritorious claims are disfavored. *Von Drake*, 156 F.3d at *2 (reversing stay where it "significantly prejudiced" plaintiff's case). Here, Plaintiff filed his EEOC charge on February 1, 2025, and timely filed this action within 90 days of receiving his Notice of Right to Sue. [Doc. 1 at ¶¶ 5, 52]. Further delay would hinder Plaintiff's ability to obtain timely relief, especially given the factual complexity of his claims involving multiple witnesses and internal EML processes. Unlike *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994), where a stay merely delayed discovery without prejudice, a stay here risks impairing Plaintiff's ability to gather evidence while EML retains control over relevant documents and witnesses. The equities favor allowing discovery to proceed.

### D. A Stay Does Not Promote Judicial Economy

EML argues that a stay promotes judicial economy by avoiding unnecessary discovery and case management tasks. [Doc. 13 at p. 5-6]. However, judicial economy is better served by allowing discovery to proceed concurrently with the motion to

dismiss, given the unlikelihood of EML's motion succeeding and the need for discovery to resolve the case efficiently.

The Fifth Circuit has held that stays are inappropriate when discovery is necessary to advance the case and the dispositive motion is not dispositive. *See Matherne*, 78 F. App'x at 978. Plaintiff's claims involve complex factual issues, including EML's investigation, the actions of Holiday and Graves, and disparate treatment of employees, which require discovery to fully litigate. [Doc. 1 at ¶¶ 34–37, 63, 85–100]. Delaying discovery would prolong the case, as Plaintiff would need to restart discovery efforts if the motion to dismiss is denied, potentially requiring extensions of case management deadlines. EML's reliance on *Meng v. William Carey Univ.*, 2025 WL 1370820 (S.D. Miss. May 12, 2025), is inapposite, as that case involved threshold jurisdictional issues, whereas here, the motion to dismiss turns on factual disputes better resolved through discovery. Allowing discovery now aligns with Rule 1's goal of a "speedy" resolution and avoids unnecessary delays.

### IV.    CONCLUSION

EML's Motion to Stay should be denied because it fails to establish good cause under Fifth Circuit precedent. Plaintiff's Complaint plausibly alleges race discrimination under Title VII and Section 1981, making EML's motion to dismiss unlikely to succeed. Discovery is necessary to resolve factual disputes, is not unduly burdensome, and is critical to Plaintiff's ability to pursue his claims. A stay would unfairly prejudice Plaintiff by delaying his access to evidence and relief, and judicial economy is better served by allowing discovery to proceed concurrently. Accordingly, Plaintiff respectfully requests

that the Court deny EML's Motion to Stay and permit the case to move forward under the Initial Order.

THIS the 11th day of August, 2025.

Respectfully submitted,

s/ Jane A. Watson
JANE A. WATSON (MB# 106877)
NICK NORRIS (MB# 101574)
LOUIS H. WATSON, JR. (MB# 9053)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1501 Jackson Avenue W. STE 113, PMB #101
Oxford, MS 38655
(601) 968-0000
Fax: (601) 968-0010
jane@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Jane A. Watson, attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via ECF filing or by United States Mail with postage fully prepaid thereon to all counsel of record.

SO CERTIFIED, this the 11th day of August, 2025.

 s/ Jane A. Watson
JANE A. WATSON