UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLAKE LEWIS                                                                                              PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:25-cv-323-HTW-ASH

ENTERGY MISSISSIPPI, LLC                                                                          DEFENDANT

ORDER TO SHOW CAUSE

This case is before the Court sua sponte following a decision [21] on Defendant Entergy Mississippi, LLC's motion to stay [12]. The undersigned has serious concerns about the representations made to the Court by counsel in Plaintiff Blake Lewis's opposition brief [17]. For the reasons explained below, Lewis's counsel who signed the brief is ordered to show good cause for the discrepancies found in the legal authorities cited therein that the Court addresses below.

The brief filed on behalf of Lewis contained legal citations to cases that the Court has been unable to locate. The purported authorities, as cited by counsel, are listed below:

- "*Matherne v. Cytec Corp.*, 78 F. App'x 977, 978 (5th Cir. 2003) (unpublished)" cited as "reversing stay where discovery was needed to address plaintiff's claims." Pl.'s Memo. [17] at 5. A search for "78 F. App'x 977" in Westlaw returns *United States v. Strain*, a Fifth Circuit decision from 2003 that dealt with a criminal appeal stemming from a student loan fraud case. *United States v. Strain*, 78 F. App'x 975, 976 (5th Cir. 2003). A search in LexisNexis returns the same.[1]

- "*Matherne*, 78 F. App'x at 978" as support for the proposition that "[t]he Fifth Circuit has held that stays are inappropriate when discovery is necessary to advance the case and the dispositive motion is not dispositive." Pl.'s Memo. [17] at 7. *See supra* for the Court's research results.

- "*Von Drake v. Nat'l Sec. Agency*, 156 F.3d 181, 1998 WL 546172, at *2 (5th Cir. 1998) (unpublished)" as stating that "a district court abuses its discretion in staying discovery if the stay significantly prejudices the plaintiff." Pl.'s Memo. [17] at 2. A

---

[1] Out of an abundance of caution, the Court also searched vLex Fastcase and Google Scholar for the missing cases. The Court did not locate them.

search for "156 F.3d 181" in Westlaw returns 25 results comprising unpublished opinions, orders, and decisions without written opinions. None of those results is for "*Von Drake v. Nat'l Sec. Agency*." The same is true of a search in LexisNexis. Additionally, a search for "1998 WL 546172" in Westlaw returns *Huber, Hunt & Nichols, Inc. v. University of Texas*, No. 05-97-01514-CV, 1998 WL 546172, (Tex. Ct. App. Aug. 27, 1998), a one sentence opinion from the Texas Court of Appeals dismissing an appeal. LexisNexis returns the same result.

- "*Von Drake,* 156 F.3d at *2" for the proposition that an appellate court reversed the imposition of a stay when it found the stay "significantly prejudiced plaintiff's case." Pl.'s Memo. [17] at 6. *See supra* for the Court's research results.

Additionally, counsel has cited an opinion of the Fifth Circuit for a holding not found in that case. The authority, as cited by counsel, is listed below:

- "*Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (unpublished) (affirming denial of stay where discovery was necessary and motion to dismiss was unlikely to succeed)." Pl.'s Memo. [17] at 2.[2] Upon review by this Court, that opinion affirmed the district court's *grant* of a stay. *Fujita*, 416 F. App'x at 402 ("The court had good cause to stay discovery. . . . That decision was correct for at least three reasons."); *id.* at 403 ("The district court by no means abused its discretion in its management of discovery.").

- "*Fujita*, 416 F. App'x at 402" as "denying stay where discovery was needed to resolve disputed issue." Pl.'s Memo. [17] at 4. *See supra* for the Court's research results.

The Court is concerned that the citations and representations detailed above have been submitted to the Court in violation of Federal Rule of Civil Procedure 11(b), Mississippi Rule of Professional Conduct 3.3, and Local Rule 83.1(c)(1). The Court is also concerned that the information submitted to the Court may be the result of insufficiently reviewed output from generative artificial intelligence (AI), which has a known propensity to fabricate case citations (so-called "hallucinations"). *See, e.g.*, *Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879

---

[2] In a brief filed on the same date in a separate but related case, Lewis's counsel cites *Fujita* as "affirming stay only where discovery was clearly unnecessary for motion's resolution." *Dyess v. Entergy Miss., LLC*, No. 3:25-cv-326-CWR-ASH (S.D. Miss. Aug. 11, 2025), Pl.'s Memo. [17] at 4.

2

(N.D. Miss. 2025) (sanctioning a pro se plaintiff for submitting filings with "fake case citations hallucinated by artificial intelligence"); *see also Johnson v. Dunn*, No. 2:21-cv-1701-AMM, --- F. Supp. 3d ----, 2025 WL 2086116 (N.D. Ala. July 23, 2025) (sanctioning attorneys for fabricating legal citations using generative AI).

The Court therefore **ORDERS** Plaintiff's counsel who signed the brief [17] to file a written response to this Order, supported by a declaration signed under penalty of perjury, explaining the citations and representations referenced by the Court and showing good cause why counsel should not be sanctioned under the rules cited above or the Court's inherent authority. Counsel's response is due by September 12, 2025. The brief-signer's co-counsel may join in the response and submit their own declarations addressing the issues raised by the Court and Mississippi Rule of Professional Conduct 5.1. Defendant Entergy Mississippi, LLC, may file a reply to Lewis's counsel's response by September 17, 2025, but no reply from Defendant is required.

**SO ORDERED AND ADJUDGED** this the 3rd day of September, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE