UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BLAKE LEWIS                                                                          PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:25-CV-323-HTW-ASH

ENTERGY MISSISSIPPI, LLC                                                           DEFENDANT

ORDER

This matter is before the Court to take up the September 3, 2025 Order to Show Cause directing Plaintiff's former counsel, Jane Watson, to show cause why she should not be sanctioned for submitting a brief containing hallucinated legal citations. Watson timely responded, conceded the issues, and stated that although she was "unable to demonstrate good cause for [her] insufficient review of and submission of AI generated output to this Court, [she] humbly ask[s] the Court for forgiveness and mercy." Decl. [23-1] at 9.

Around this same time, United States District Judge Sharion Aycock also directed Watson to appear at a hearing and show cause why she should not be sanctioned for apparent hallucinated citations. *Billups v. Louisville Mun. Sch. Dist.*, No. 1:24-CV-74-SA-RP, 2025 WL 3691871, at *1 (N.D. Miss. Dec. 19, 2025). Judge Aycock took notice of this Court's Order to Show Cause and Watson's response. *Id.* at *2. Following a hearing, Judge Aycock entered an order sanctioning Watson. *Id.* at *9–11.

The Court has reviewed and takes judicial notice of the transcript from the show-cause hearing in *Billups* as well as Judge Aycock's order imposing sanctions. In this case, Watson did not submit the same brief (or the same hallucinated citations) that gave rise to Judge Aycock's sanctions order. But Watson was engaged in a similar course of conduct, and that course of conduct came to light in multiple cases around the same time.

"A sanction imposed under [Rule 11] must be limited to what suffices to *deter* repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4) (emphasis added). Judge Aycock's decision in *Billups* "accurately and forcefully imparts [to Watson] the seriousness of attorney misconduct." *Fegley v. Portfolio Recovery Assocs.*, No. 5:23-CV-4909, 2024 WL 4608186, at *4 (E.D. Pa. Oct. 28, 2024). The undersigned believes that the well-reasoned and thoughtful sanctions imposed by Judge Aycock are sufficient to achieve Rule 11's deterrence goals—in that case and this one. *See Billups*, 2025 WL 3691871, at *9–11; *see also Fegley*, 2024 WL 4608186, at *4 (declining to issue sanctions where counsel had already been sanctioned by another court for a similar course of conduct). Additional sanctions against Watson are not warranted. Accordingly, the undersigned discharges the September 3, 2025 Order to Show Cause.

**SO ORDERED AND ADJUDGED** this the 6th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE